IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 14-20032-01-KHV |
| ) | |
| BRADLEY STONEKING, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On December 9, 2014, the Court sentenced defendant to 30 months in prison and one year of supervised release. This matter is before the Court on defendant's letter (Doc. #28) filed February 24, 2015, which the Court construes as a motion to reduce sentence, and defendant's letter (Doc. #29) filed March 2, 2015, which the Court construes as an amended motion to reduce sentence. Defendant asks the Court to reconsider and reduce his sentence based on several factors including family circumstances.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify

his sentence.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See id.; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #28) filed February 24, 2015, which the Court construes as a motion to reduce sentence, and defendant's letter (Doc. #29) filed March 2, 2015, which the Court construes as an amended motion to reduce sentence, be and hereby are **OVERRULED**.

Dated this 4th day of March, 2015 at Kansas City, Kansas.

>                        s/ Kathryn H. Vratil
>                        KATHRYN H. VRATIL
>                        United States District Judge