**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                              **Plaintiff,**           ) | **CRIMINAL ACTION** |
| v.                                                           ) | No. 14-20032-01-KHV |
| **BRADLEY STONEKING,**                      ) | |
|                                              **Defendant.**           ) | |

**MEMORANDUM AND ORDER**

On December 9, 2014, the Court sentenced defendant to 30 months in prison and one year of supervised release. See Judgment In A Criminal Case (Doc. #26) at 2. The Court recommended to the Bureau of Prisons ("BOP") that it consider defendant for placement at the Leavenworth (KS) Prison Camp. See id. This matter is before the Court on defendant's letter (Doc. #37) filed December 28, 2015, which the Court construes as a motion to transfer or, in the alternative, motion to order home confinement. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to order the BOP to transfer him to the Leavenworth Prison Camp because of family circumstances. The BOP designates the place of defendant's imprisonment. See 18 U.S.C. § 3621(b). As noted above, at sentencing, the Court recommended placement at Leavenworth, but the Court's recommendation has no binding effect on the BOP's broad authority to determine the place of confinement. See id. Likewise, the Court does not have authority to dictate placements to the BOP. See United States v. Cosby, 180 F. App'x 13, 13 (10th Cir. 2006); 18 U.S.C. § 3621(b) (BOP charged to designate place of imprisonment); Wedelstedt v. Wiley, 477 F.3d 1160, 1165 (10th Cir. 2007) (statute gives BOP discretion in making designation). In making a designation, the BOP must consider certain factors enumerated by statute, see 18 U.S.C.

§ 3621(b)(1)-(5), but defendant has not alleged or shown that the BOP did not do so in his case.

Alternatively, defendant asks the Court to order home confinement for his remaining term of imprisonment. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #37) filed December 28, 2015, which the Court construes as a motion to transfer or, in the alternative, motion to order home confinement, be and hereby is **OVERRULED**.

Dated this 11th day of January, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
