IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 14-20032-01-KHV |
| | ) | |
| BRADLEY STONEKING, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On December 9, 2014, the Court sentenced defendant to 30 months in prison and one year of supervised release. This matter is before the Court on defendant's Motion For Sentence Reduction (Doc. #39) filed June 30, 2016. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim.

P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction (Doc. #39) filed June 30, 2016 is **DISMISSED for lack of jurisdiction**.

Dated this 18th day of July, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant's claim also lacks substantive merit. Defendant argues that the Court should reduce his offense level from 19 to 16 to reflect his timely acceptance of responsibility under Section 3E1.1 of the Guidelines. At sentencing, the Court applied this adjustment and reduced defendant's total offense level from 22 to 19. See Presentence Investigation Report (Doc. #19) ¶¶ 31-32. Accordingly, even if the Court had jurisdiction to reconsider defendant's sentence, he is not entitled to a further reduction based on acceptance of responsibility.